REBECCA A. HARTLEY *vs.* WILLIAM HARTLEY *et als.*

PROVIDENCE—JUNE 2, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Husband and Wife.  Evidence.  Privileged Communications.*

Pub. Laws, cap. 1110, passed April 17, 1903, permitting the husband or wife of either party in a civil cause between them involving their respective property rights to testify, only applies to suits involving property rights accruing after the passage of the act.

BILL IN EQUITY for accounting.  Bill dismissed.

(1)    PER CURIAM.  The provisions of Pub. Laws R. I. cap. 1110, passed April 17, 1903, permitting the husband and wife of either party in a civil cause between them involving their respective property rights to testify, only apply to suits involving property rights accruing after the passage of the act.

The complainant in her bill of complaint for an account against her divorced husband seeks to enforce an agreement, involving their respective property rights, made and entered into by them, as she says, in the year 1887 or 1888.  It appears that the alleged agreement was not reduced to writing or made in the presence of witnesses competent to testify.  Therefore there is no legal evidence of the existence of such an agreement. The only witness to the alleged contract was the complainant, who was disqualified by the law from testifying, under a statute, founded on reasons of public policy, which can not be waived by the parties.  *Robinson* v. *Robinson*, 22 R. I. 121, approved in *Hendrick* v. *Probate Court*, 25 R. I. p. 365.  The bill must, therefore, be dismissed.

Decree accordingly.

*Irving Champlin*, for complainant.

*Gardner, Pirce & Thornley, and William W. Moss*, for respondent.